IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| ZACHARY BOORSTEIN <br> 8314 Comanche Court <br> Bethesda, Maryland 20817 <br><br> CHRISTOPHER SCOTT <br> 6619 Braeburn Parkway <br> Bethesda, Maryland 20817 <br><br>     Plaintiffs, <br><br>     v. <br><br> WISETEK SOLUTIONS, INC. <br> 1209 Orange Street <br> Wilmington, Delaware 19801 <br><br>     <u>Serve On</u>: <br>     The Corporation Trust Incorporated <br>     2405 York Road <br>     Lutherville Timonium, Maryland 21093 <br><br> WISETEK US HOLDINGS LIMITED <br> Unit 19 O'Connell Campus, <br> Brooklodge, Glanmire, Co. Cork, Ireland <br><br>     <u>Serve On</u>: <br>     Sean Sheehan, CEO <br>     Unit 19 O'Connell Campus, <br>     Brooklodge, Glanmire, Co. Cork, Ireland <br><br> WISETEK SOLUTIONS LIMITED <br> Unit 19 O'Connell Campus, <br> Brooklodge, Glanmire, Co. Cork, Ireland <br><br>     <u>Serve On</u>: <br>     Sean Sheehan, CEO <br>     Unit 19 O'Connell Campus, <br>     Brooklodge, Glanmire, Co. Cork, Ireland <br><br> SEAN SHEEHAN <br> Unit 19 O'Connell Campus, <br> Brooklodge, Glanmire, Co. Cork, Ireland | Civil Action No. <br><br> **JURY TRIAL DEMANDED** |

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

|  |  |
|---|---|
| And | \* |
|  | \* |
| PAUL CARR | \* |
| Unit 19 O'Connell Campus, | \* |
| Brooklodge, Glanmire, Co. Cork, Ireland | \* |
|  | \* |
| Defendants | \* |

## COMPLAINT & JURY DEMAND

COME NOW the Plaintiffs, Zachary Boorstein and Christopher Scott, by and through their attorneys, Richard W. Evans, James G. Fegan, III and McCarthy Wilson, LLP, and sue the Defendants, Wisetek Solutions, Inc., Wisetek US Holdings Limited, Wisetek Solutions Limited, Sean Sheehan, and Paul Carr, and state as follows:

## PARTIES

1. Plaintiff Zack Boorstein (hereinafter sometimes referred to as "Mr. Boorstein" or "Plaintiff Boorstein") is an individual residing at 8314 Comanche Court, Bethesda, Maryland 20817.

2. Plaintiff Christopher Scott (hereinafter sometimes referred to as "Mr. Scott" or "Plaintiff Scott," and together with Plaintiff Boorstein, collectively as the "Plaintiffs") is an individual residing at 6619 Braeburn Parkway, Bethesda, Maryland 20817.

3. Defendant Wisetek Solutions, Inc. (hereinafter sometimes referred to as "Wisetek") is a company incorporated under the laws of Delaware and having its registered office at 1209 Orange Street, Wilmington, DE 19801.

4. Defendant Wisetek US Holdings Limited (hereinafter sometimes referred to as "Wisetek US") is a company incorporated under the laws of Ireland and having its registered office at Unit 19 O'Connell Campus, Brooklodge, Glanmire, Co. Cork, Ireland.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

5. Defendant Wisetek Solutions Limited (hereinafter sometimes referred to as "Wisetek Ireland," and together with Defendant Wistetek and Defendant Wisetek US, collectively as the "Defendant Entities") is a company incorporated under the laws of Ireland and having its registered office at Unit 19 O'Connell Campus, Brooklodge, Glanmire, Co. Cork, Ireland.

6. Defendant Sean Sheehan (hereinafter sometimes referred to as "Mr. Sheehan") is an individual who is or was at all material times employed as the Chief Executive Officer ("CEO") of the Defendant Entities with a principal office address of at Unit 19 O'Connell Campus, Brooklodge, Glanmire, Co. Cork, Ireland.

7. Defendant Paul Carr (hereinafter sometimes referred to as "Mr. Carr," and together with Defendant Wisetek, Defendant Wisetek US, Defendant Wisetek Ireland and Defendant Sheehan, collectively as the "Defendants") is an individual who was at all material times employed as the Chief Financial Officer ("CFO") of the Defendant Entities with a principal office address of at Unit 19 O'Connell Campus, Brooklodge, Glanmire, Co. Cork, Ireland.

### JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this Complaint under 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

9. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorneys' fees.

10. This Court has personal jurisdiction over all of the Defendants because they routinely engage in a course of business and conduct within the State of Maryland out of

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

which some or all of the claims asserted in this Complaint arise, and the parties have agreed to the jurisdiction of this Court pursuant to the operative agreements of the parties.

11. Venue is properly had in this Court under 28 U.S.C. §1391(b) because the Defendants have and/or continue to have substantial contact with the State of Maryland and some or all of the offending conduct giving rise to this Complaint occurred in the State of Maryland, and the parties have agreed to the venue of this Court pursuant to the operative agreements of the parties.

## STATEMENT OF FACTS

12. Defendant Wisetek is a Corporation formed under Delaware laws and registered to do business within the State of Maryland.

13. Defendant Wisetek US is an Irish Company formed for the purpose of owning and holding the equity interest in Defendant Wisetek.

14. Defendant Wisetek Ireland is an Irish Company, which upon information and belief, is the sole owner of Wisetek US, which it formed to hold US entities, including Wisetek.

15. Defendant Sheehan is the CEO and a Director for Wisetek, Wisetek US, and Wisetek Ireland and holds a major percentage of the Ownership in the Defendant Entities.

16. Defendant Carr was at all material times the CFO for Wisetek, Wisetek US, and Wisetek Ireland.

17. On January 30, 2018, the Plaintiffs entered into a Share Purchase Agreement with Defendant Wisetek, which included an Earn Out Agreement (attached hereto as Exhibit 1).

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

18.     The Earn Out Agreement contemplated additional payments to the Plaintiffs subject to yearly performance targets paid out at the end of the First, Second, and Third Financial Year.

19.     The First Financial Year was defined as November 1, 2017 through October 31, 2018.

20.     At the termination of the First Financial Year, the parties were in disagreement regarding the calculation of the EBITDA as defined under the Earn Out Agreement. The disagreement ultimately resolved after an independent audit, but not without significant delay, the expenditure of unnecessary time and costs, as well as significant frustration to the Plaintiffs.

21.     The Second Financial Year was defined as November 1, 2018 through October 31, 2019.

22.     Pursuant to the Earn Out Agreement, Defendant Wisetek was required to prepare a final statement of the EBITDA for the Second Financial Year within ninety (90) days of October 31, 2019 (the "Statement"), which Defendant Wisetek again failed to prepare and provide to Plaintiffs.

23.     As the time period for the preparation of the EBITDA reached its expiration, the Plaintiffs became wary that they would be again forced to expend unnecessary time, costs, and frustration in obtaining the financials from Defendant Wisetek as required by the Earn Out Agreement in order to do the calculation of the EBITDA.

24.     Then, just as the 90 days were expiring, on January 31, 2020, the Plaintiffs received an email correspondence from Defendant Paul Carr, CFO for Defendant Wisetek.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

Mr. Carr stated in his email that he had made a *final* EBITDA calculation and concluded that $287,054.00 was due and owing under the agreement. He stated in that same email that if that amount was not accepted by the Plaintiffs, they would again be forced to engage an independent audit (attached hereto as Exhibit 2).

25. On February 5, 2020, and within the time period allowable under the Earn Out Agreement, Mr. Scott responded to Mr. Carr's offer to settle the earn out payments at $287,054.00 by accepting the proposed settlement amount (attached hereto as Exhibit 2).

26. On February 10, 2020, Mr. Carr confirmed the settlement and further stated that "the earn out can be paid at the end of February in line with the agreement" (attached hereto as Exhibit 2).

27. On February 14, 2020, Mr. Carr again emailed Plaintiffs to advise that the revised EBITDA number for the Second Financial Year Earn Out was $266,374.00. Mr. Carr again stated in the same email that if that amount was not accepted by the Plaintiffs, they would again be forced to engage an independent audit (attached hereto as Exhibit 2).

28. On February 19, 2020, Mr. Scott responded to Mr. Carr's offer to settle the earn out payments at $266,374.00 by accepting the proposed settlement amount (attached hereto as Exhibit 2).

29. Also on February 19, 2020, Mr. Carr acknowledged Mr. Scott's agreement to accept the settlement payment of $266,374.00 and confirmed the final settlement of the Second Financial Year Earn Out payment (attached hereto as Exhibit 2).

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

30. On February 19, 2020, Mr. Carr instructed Jack Niemczuk, the Controller for Defendant Wisetek to make the payment of the Settlement Amount to the Plaintiffs, copying the Plaintiffs on that payment instruction (attached hereto as Exhibit 2).

31. Thereafter, the Defendants breached the settlement agreement by failing to pay $266,374.00 in resolution of the EBITDA for the Second Financial Year.

32. To date, no payment of the Settlement Agreement or the Second Financial Year Earn Out has been made, and the requested documentation has not been provided, to the Plaintiffs as required under the Earn Out Agreement.

### COUNT I - BREACH OF CONTRACT – SETTLEMENT AGREEMENT (DEFENDANT WISETEK)

33. Plaintiffs adopt and incorporate by reference each and every preceding paragraph as if fully set forth herein, and allege the following additionally or in the alternative.

34. On or about January 31, 2020, Defendant Wisetek, through its CFO, Defendant Carr, made at the direction of and/or approval of Defendant Sheehan, the CEO, an offer to avoid additional accounting and to settle the dispute regarding the amount owed under the Earn Out Agreement for the Secon Financial Year Earn Out payment in the amount of $266,374.00.

35. The February 5, 2020 email from Mr. Scott to Mr. Carr constituted acceptance of the offer.

36. Defendant Wisetek thereafter breached the agreement by failing to pay the settlement agreement to the Plaintiffs.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

37. As a direct result of Defendant Wisetek's breach of the parties' settlement agreement, Plaintiffs have been damaged in the amount of $266,374.00.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Wisetek in the amount of Two Hundred Sixty-Six Thousand Three Hundred Seventy-Four Dollars and Zero Cents ($266,374.00), in compensatory damages, and other related damages, including interest, costs, attorney's fees, and any and all other relief to which this Court finds them entitled.

### COUNT II - BREACH OF CONTRACT – SETTLEMENT AGREEMENT (DEFENDANT CARR)

38. Plaintiffs adopt and incorporate by reference each and every preceding paragraph as if fully set forth herein, and allege the following additionally or in the alternative.

39. Defendant Carr's offer of January 31, 2020 was purportedly made in his role as Chief Financial Officer of Defendant Wisetek.

40. To the extent that he was acting outside the scope of his employment, then he is personally liable for the breach.

41. As a direct result of Defendant Carr's breach of the parties' agreement in refusing to pay the agreed upon settlement amount, Plaintiffs have been damaged in the amount of $266,374.00.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Carr in the amount of Two Hundred Sixty-Six Thousand Three Hundred Seventy-Four Dollars and Zero Cents ($266,374.00), in compensatory damages, and other related damages, including

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

interest, costs, attorney's fees, and any and all other relief to which this Court finds them entitled.

## COUNT III - BREACH OF CONTRACT – EARN OUT AGREEMENT (DEFENDANT WISETEK)

42. Plaintiffs adopt and incorporate by reference each and every preceding paragraph as if fully set forth herein, and allege the following additionally or in the alternative.

43. The Earn Out Agreement required certain financial disclosures and payments be made to the Plaintiffs as provided therein.

44. The Defendants advised the Plaintiffs that based on the Defendants calculations, the Plaintiffs were owed $266,374.00, which amount the Plaintiffs disputed, but agreed to accept to resolve the dispute and avoid additional time, expense, and frustration.

45. Defendants failed and have refused to pay the Plaintiffs any sum of money for the Second Financial Year Earn Out.

46. Plaintiffs have continued to dispute the Defendants' calculations.

47. Defendants were required under the Earn Out Agreement to provide the Statement for the Second Financial year on or before February 4, 2020.

48. Defendants failed to provide the EBITDA Statement until on or about March 4, 2020, at which time Defendants provided a substantively deficient Statement lacking in detail and supporting documentation.

49. Despite disputing the Statement and calculations and requesting a proper Statement and supporting documentation, Plaintiffs have not received a revised and/or

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

required or sufficient Statement nor have they received the documentation to properly support the Statement and the calculations.

50. The Earn Out Agreement specifically requires that the Defendants provide the Plaintiffs with the documentation that was requested.

51. The Defendants' failures in providing the Statement, including the necessary and requested supporting financial documentation, and failing to make the necessary payment all required under the Earn Out Agreement constitute breaches of the contract.

52. As a result of the Defendants breaches, the Plaintiffs have sustained damages in an amount to be determined; however, upon the Defendants prior representations, the amount is no less than $266,374.00.

53. In fact, following the settlement of the First Financial Year Earn Out payment, after Defendants then failures to properly calculate, produce and support their deficient financials, James O'Hara, the Chairman of the Board of Directors for the Defendant Entities told the Plaintiffs that the First Financial Year Earn Out calculation and payment failures by the Defendant Entities was an embarrassment and would not happen again.

**WHEREFORE**, Plaintiffs demand judgment against Defendant in the amount of Two Hundred Sixty-Six Thousand Three Hundred Seventy-Four Dollars and Zero Cents ($266,374.00), in compensatory damages, and other related damages, including interest, costs, attorney's fees, and any and all other relief to which this Court finds them entitled.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

## COUNT IV – FRAUD
## (ALL DEFENDANTS)

54. Plaintiffs adopt and incorporate by reference each and every preceding paragraph as if fully set forth herein, and allege the following additionally or in the alternative.

55. Upon information and belief, Defendants have made numerous false statements of material facts to the Plaintiffs.

56. Defendants informed the Plaintiffs that the EBITDA calculations demonstrated that the Plaintiffs were owed $266,374.00 and instructed the Plaintiffs to accept this amount or Defendants would engage in another time consuming and expensive third-party review.

57. Defendants knew this information was false, made the statement with a reckless disregard for the truth that the statement was false, and/or knew that the Defendants had no intention of honoring the promise to pay the agreed upon amount.

58. The Defendants made this statement just before their EBITDA Statement for the Second Financial Year was about to be due for the purpose of defrauding the Plaintiffs to avoid producing the Statement, producing the supporting and requested records and documentation and making the necessary and contractual payment.

59. Defendants have also improperly maintained the Company's books and records by among other things itemizing unrelated expenses under Wisetek, which are in fact expenses of either Wisetek US and/or Wisetek Ireland, in order to increase profitability of the Wisetek US and Wisetek Ireland and thereby reduce the profitability

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

of Wisetek, to the significant pecuniary benefit of the Defendants and to the substantial financial detriment of the Plaintiffs.

60.     Defendant Sheehan's positions as CEO, Director and major owner in the Defendant Entities provide the Defendants with this opportunity, which the Defendants wrongfully exercised, to improperly maintain the Defendant Entities' Company Books to shift profit away from Defendant Wisetek to Defendant Wisetek Ireland for the pecuniary benefit of Defendant Sheehan, Defendant Wisetek US and Defendant Wisetek Ireland, and all to the substantial financial harm of the Plaintiffs.

61.     By reducing the profitability of Defendant Wisetek, Defendants wrongfully reduced the Financial Year Earn Out payments to the Plaintiffs, which are based on the profitability of Defendant Wisetek.

62.     Defendants knew that the manner in which they wrongfully manipulated the book and records of the Defendant Entities and presented that information to the Plaintiffs was false or done with a reckless disregard for the truth.

63.     The Defendants have done so with the intent of defrauding the Plaintiffs.

64.     Defendants Sheehan, Carr, Wisetek US, and Wisetek Ireland all knew or should have known, and/or directed, and/or controlled the actions of Defendant Wisetek and the other Defendant Entities in defrauding the Plaintiffs and reducing the profitability of Defendant Wisetek as Defendants Sheehan, Carr, Wisetek US, and Wisetek Ireland all wrongfully benefitted from these actions to the substantial detriment of the Plaintiffs.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

65. Defendant Sheehan, acting in his capacity as the CEO and Director for all Defendant Entities, or alternatively in his individual capacity, knew, approved, instructed, and/or ratified these wrongful actions for personal animus or otherwise and for his own pecuniary benefit and in order to damage the Plaintiffs by failing to meet the settlement agreement obligations to the Plaintiffs and by failing to meet financial and other obligations to the Plaintiffs under the Earn Out Agreement and otherwise.

66. The Plaintiffs have justifiably relied upon the representations of the Defendants to their detriment and harm, in accepting the settlement offer for the Second Financial Year Earn Out payment without being paid, not being provided the requisite the EBITDA financials, and by being subject to Defendants' fraudulent scheme to defraud Plaintiffs of accurate payments and profits.

67. As a result of the Defendants fraudulent misrepresentations and actions, Plaintiffs have among other things not been paid the agreed upon settlement amount, did not timely receive the Statement, were not provided with the requested documentation, and were not provided the true and accurate financials and accounting and payment of profits, to their substantial pecuniary harm.

68. As a direct and proximate result of the wrongful actions of Defendants, and their fraudulent conduct and deceit, Plaintiffs have suffered substantial pecuniary damages, including but not limited to, the unpaid settlement amount, the Second Financial Year Earn Out payment, and loss of other revenue, income, profits, and revenue payments.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

**WHEREFORE**, Plaintiffs demand judgment against Defendants in the amount of One Million Dollars ($1,000,000.00), in compensatory damages, punitive damages in the amount of Three Million Dollars ($3,000,000.00), and other related damages, including interest, costs, attorney's fees, and any and all other relief to which this Court finds them entitled.

### COUNT IV – CONSPIRACY TO COMMIT FRAUD AND DECEIT (ALL DEFENDANTS)

69. Plaintiffs adopt and incorporate by reference each and every preceding paragraph as if fully set forth herein, and allege the following additionally or in the alternative.

70. All Defendants had an agreement among themselves to commit fraud and deceit against the Plaintiffs, whereby they conspired directly or indirectly to mislead Plaintiffs by entering into a settlement agreement they had no intention of honoring, intentionally breaching the Earn Out Agreement to prevent Plaintiffs from viewing the financial records of Wisetek to which they were entitled, and by manipulating the records and books of the Defendant Entities to reduce the profitability of Wisetek in order to avoid paying Plaintiffs the amounts due under the Earn Out Agreement and thereby further increasing the profitability and of the other Defendant Entities for the benefit of the Defendants.

71. The conspiratorial acts render each participant responsible as a joint tortfeasor for all damages ensuing from their wrongdoing, regardless of whether or not each was a direct actor and each's degree of participation in the wrongdoing. As such,

each Defendant is jointly and severally liable for the conspiracy to commit fraud and deceit.

72. As a direct and proximate result of the wrongful actions of Defendants, and their fraudulent conduct and deceit, Plaintiffs have suffered substantial pecuniary damages, including but not limited to, the unpaid settlement amount, the Second Financial Year Earn Out payment, and loss of other revenue, income, profits, and payments.

73. The actions, misrepresentations, and omissions of the Defendants were undertaken intentionally with malice, oppression, and fraud, and with actual knowledge that such actions would harm Plaintiffs, and which did result in substantial damages to the Plaintiffs.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in the amount of One Million Dollars ($1,000,000.00), in compensatory damages, punitive damages in the amount of Three Million Dollars ($3,000,000.00), and other related damages, including interest, costs, attorney's fees, and any and all other relief to which this Court finds them entitled.

### COUNT V – VIOLATION OF 18 U.S.C. § 1962(C)
### (ALL DEFENDANTS)

74. Plaintiffs adopt and incorporate by reference each and every preceding paragraph as if fully set forth herein, and allege the following additionally or in the alternative.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

75. Defendants are "persons" within the meaning of 18 U.S.C. § 1961(3) who conducted the affairs of the enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

76. The Defendants collectively constitute an enterprise (the "Wisetek Enterprise"), an association-in-fact within the meaning of 18 U.S.C. § 1961(4). The Wisetek Enterprise is an ongoing organization that functions as a continuing unit through their common ownership. The Wisetek Enterprise was created and used as a tool to effectuate Defendants' pattern of racketeering activity. The Defendant "persons" and "entities" are distinct from the Wisetek Enterprise.

77. Defendants have conducted and participated in the affairs of the Wisetek Enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1) and 1961(5), which includes multiple instances of mail and/or wire fraud as described herein and the Wisetek Enterprise has engaged in and affected interstate commerce, because, *inter alia*, the Defendants operate within and contract with companies located in various states within the United States and in foreign nations, and have done so for both legitimate purposes and in furtherance of the racketeering activity.

78. The Defendants exerted control over the Wisetek Enterprise, and participated in and facilitated the operation and/or management of the affairs of the Wisetek Enterprise.

79. Within the Wisetek Enterprise, there was a common ownership and communication network by which the Defendants were able to and did in fact share

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

information on a regular basis. The Wisetek Enterprise used this common ownership and communication network for the purpose of enabling, facilitating, and directing the Wisetek Enterprise and its activities.

80. Each participant in the Wisetek Enterprise had a systematic linkage to each other participant through corporate ties, common ownership, contractual relationships, financial ties, and the continuing coordination of their activities. Through the Wisetek Enterprise, the Defendants functioned as a continuing unit with the purpose of furthering the illegal scheme and their common purposes.

81. The Defendants used the mails and/or wires for the transmission, delivery, or shipment of the following by the Defendants as a result of and/or in furtherance of Defendants' illegal scheme:

    a) Contracts between and among the Defendants;

    b) Contracts between Defendants and Third-Parties;

    c) Accounting and corporate book keeping information and records by, among, and between the Defendants;

    d) Wires among the Defendants about the Defendants illicit activity;

    e) Wires and mails between the Defendants regarding and/or in furtherance of the Defendants illegal activity including the allocation of profits and expenses by, among, and between the Defendants;

    f) Payments by, among, and between the Defendants

    g) Preparing, participating in and/or having prepared, produced and filed false accounting and tax documents; and

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

      h)     Emails, facsimile and telephonic transmissions by among and between the Defendants regarding the manipulation of the Defendant Entities books and records and wrongful practices of Defendant entities.

82.    The Defendants utilized the interstate and mail and wires for the purpose of obtaining and/or transferring money and/or property by means of the omissions, false pretenses, fraud, and misrepresentations described herein.

83.    The Defendants also used the Internet and other electronic facilities to carry out the scheme and conceal the ongoing fraudulent activities and communicated by U.S. Mail, by interstate facsimile, and by interstate electronic mail with, by, among, and between each other and with third-parties in furtherance of the scheme.

84.    The mail and wire transmissions described herein were made in furtherance of Defendants' scheme and common course of conduct to further the Defendants pecuniary interests and to damage the Plaintiffs financially.

85.    Defendants' scheme and the above-described racketeering activities constitute a common course of conduct intended to cause the Plaintiffs financial harm and each such racketeering activity was related, had similar purposes, involved the same or similar participants and methods of commission, and had similar results affecting the Plaintiffs. Defendants' fraudulent activities are part of their ongoing business and constitute a continuing threat to Plaintiffs' pecuniary interests.

86.    Plaintiffs pecuniary interests have been damaged by reason of these violations. Defendants interfered with Plaintiffs' current and prospective financial interests by devaluing Defendant Wisetek and reducing its profitability.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

87. Had members of the Wisetek Enterprise not been complicit and had they properly maintained their books and accounting for all Defendant Entities instead of manipulating the books of the Defendant Entities to reduce the profitability of Defendant Wisetek, the Plaintiffs' pecuniary interests would not have been injured. Thus, Plaintiffs' injuries were directly and proximately caused by Defendants' racketeering activity, as described above.

88. By virtue of these violations of 18 U.S.C. § 1964(c), Defendants are liable to Plaintiffs for three times the damages Plaintiffs have sustained, plus the cost of this suit, including reasonable attorneys' fees.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in the amount of One Million Dollars ($1,000,000.00), in compensatory damages, plus treble damages as provided for in 18 U.S.C. § 1964(c), attorney's fees as provided for in 18 U.S.C. § 1964(c), and other related damages, including interest, costs, and any and all other relief provided by statute or to which this Court finds them entitled.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

Respectfully submitted,

McCARTHY WILSON LLP

By: *//s//  Richard W. Evans, Esquire*
Richard W. Evans, Esquire #12528

*//s//  James G. Fegan, III, Esquire*
James G. Fegan, III, Esquire #20789
2200 Research Boulevard, Suite 500
Rockville, Maryland 20850
(301) 762-7770
(301) 926-7444-facsimile
evansr@mcwilson.com
feganj@mcwilson.com
*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues herein.

*/s/ Richard W. Evans, Esquire*
Richard W. Evans, Esquire  #12528